IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMARIOUS BROOKS,     :
            :
 Plaintiff,      :
            :   CIVIL ACTION NO.
 v.        :    1:16-CV-3275-AT
            :
ERIC BLEVINS, et al,    :
            :
 Defendants.     :
            :

## ORDER

This matter is before the Court on motions for summary judgment by Defendant Shaw Moving & Storage, Inc. ("Shaw") [Doc. 41], Defendants Wheaton Van Lines, Inc. d/b/a Wheaton World Wide Moving ("Wheaton") and Eric Blevins ("Blevins") [Doc. 40], and Defendant Protective Insurance Company ("Protective") [Doc. 39].

## I. Legal Standard

The Court may grant summary judgment only if the record shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is material if resolving the factual issue might

change the suit's outcome under the governing law. *Id.* The motion should be granted only if no rational fact finder could return a verdict in favor of the non-moving party. *Id.* at 249.

When ruling on the motion, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in the non-moving party's favor. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party need not positively disprove the opponent's case; rather, the moving party must establish the lack of evidentiary support for the non-moving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, in order to survive summary judgment, the non-moving party must then present competent evidence beyond the pleadings to show that there is a genuine issue for trial. *Id.* at 324-26. The essential question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

"Speculation does not create a *genuine* issue of fact; instead it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995) (emphasis in original)). Further, the court is not obligated to "scour the record" to determine whether

triable issues exist. *Tomasini v. Mt. Sinai Med. Ctr. of Fla.*, 315 F. Supp. 2d 1252, 1260 n.11 (S.D. Fla. 2004).

## II.   Background

The factual description here does not constitute actual findings of fact.  The Court derives the facts below from the undisputed evidence and select undisputed Statements of Material Facts in the record, and views these facts in the light most favorable to the Plaintiff.[1]

This matter arises out of a truck-car collision between Plaintiff Jamarious Brooks and Defendant Blevins on January 25, 2015.   (Wheaton and Blevins' Statement of Material Facts ("Wheaton's SMF") ¶ 1.)  The accident occurred in LaGrange, Georgia.  (*Id.*)  Plaintiff alleges that Blevins caused the accident via negligent operation of a commercial vehicle: namely, by (1) negligently making an improper lane change; (2) failing to exercise reasonable care while operating the vehicle; and (3) failing to maintain "proper lookout for Plaintiff's vehicle." (*Id.* ¶¶ 2-4.)  Plaintiff filed suit against Blevins, Wheaton, Shaw, and Protective, asserting claims of negligence, vicarious liability, negligent hiring, negligent entrustment, negligent supervision, agency, *respondeat superior*, statutory employment, and punitive damages.  (*Id.* ¶ 5.)

---

[1] Plaintiff did not dispute or respond to a wide variety of Defendants' Statements of Material Facts.

Prior to the accident, Wheaton and Shaw entered into an agency agreement pursuant to which Shaw agreed to provide moving services "as Wheaton's agent and under Wheaton's common carrier authority, and would provide labor to Wheaton to accomplish those ends." (Wheaton's SMF ¶ 11-12.) According to this agreement and prior to the incident, Shaw leased both Blevins' services and the vehicle involved to Wheaton. (*Id.*)

It is undisputed that at the time of the incident, Blevins was driving the leased vehicle "under dispatch for Wheaton as an agency driver . . . under Wheaton's common Carrier authority." (*Id.* ¶ 7.) Before Blevins could drive under Wheaton's authority, Wheaton conducted investigations into Blevins' background. (*Id.* ¶ 14-25.) These included investigations into: (1) Blevins' background; (2) his driving history; (3) his health; and (4) his previous employment. (*Id.*) In addition, while driving for Wheaton, Blevins submitted periodic reports about his driving history and the maintenance of the lease vehicle. (*Id.*)

Defendants Shaw, Wheaton & Blevins, and Protective all filed motions for summary judgment. However, Plaintiff responded substantively only to Shaw's. (Response, Doc. 45.)

## III.   Discussion

Each of the Defendants have moved for full or partial summary Judgment. The Court turns to these motions individually, beginning with Shaw's, (Doc. 41).

Thereafter, it considers Blevins' and Wheatons' Joint Motion for Partial Summary Judgment, (Doc. 40).  Finally, the Court turns to Protective's Motion for Summary Judgment (Doc. 39).

### a.  Shaw's Motion for Summary Judgment

Shaw argues that it is entitled to judgment in its favor because Wheaton, not Shaw, was Blevins' statutory employer at the time of the alleged collision. (Shaw's Br. Supp. Mot., Doc. 41-2 at 1.)  In the alternative, Shaw moves for partial summary judgment on Plaintiff's claims of negligent hiring, training, supervising, and entrustment as well as Plaintiff's claims for punitive damages.  (*Id.* at 1-2.) The Court first considers the arguments regarding the doctrine of statutory employment.

### i.  Statutory Employment

Shaw first argues that it cannot be liable as a matter of law because at the time of the alleged incident, Wheaton was Blevins' "statutory employer" and was therefore solely responsible any negligence on his part.  (Shaw's Br. Supp. Mot., Doc. 41-2 at 8).  The doctrine of "statutory employment" is treated as "a theory of vicarious liability created by the [Federal Motor Carrier Safety Regulations] ("FMCSR")" in Georgia law.  *See Clarendon Nat. Ins. Co. v. Johnson*, 293 Ga. App. 103, 108 (2008) (citing *Omega Contracting v. Torres,* 191 S.W.3d 828, 848 (Tex. App. 2006)).  Pursuant to 49 C.F.R. § 376.12(c)(1), any lease by an "authorized carrier":

> shall provide that the authorized carrier lessee shall have exclusive possession, control, and use of the equipment for the duration of the lease. *The lease shall further provide that the authorized carrier lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease.*

49 C.F.R. § 376.12(c)(1) (emphasis added).  Under Georgia law, "[t]he language of 49 CFR § 376.12(c)(1) and earlier regulations to the same effect have been interpreted to impose vicarious liability on the motor carrier, regardless of agency relationships, for the negligent operation of vehicles leased and operated under its certificate." *Coleman v. B-H Transfer Co.*, 284 Ga. 624, 626 (2008) (citations omitted).[2]

In support of this argument, Shaw offers the following: (1) Wheaton's admission that, at the time of the alleged accident, it was Blevins's "statutory employer" pursuant to FMCSR; (2) Wheaton's admission that, at the time of the incident, Blevins was driving for Wheaton's benefit; and (3) the lease and agency agreements between Shaw and Wheaton and Blevins and Wheaton.  (Shaw's Statement of Material Facts, Doc. 41-1 at ¶¶ 7-8, 11.)  Plaintiff does not seriously dispute any of the evidence or authority cited by Defendant Shaw.  Instead, Plaintiff argues that through a collusive maneuver, Shaw will argue that the doctrine of statutory employment applies and therefore should be eliminated

---

[2] The Court notes that this doctrine has even been described by one Georgia Court of Appeals decision as a "doctrine of *strict* vicarious liability imposed upon the lessee motor carrier[s]." *PN Exp., Inc. v. Zegel*, 304 Ga. App. 672, 676 (2010) (emphasis added).  However, this ostensible doctrinal shift appears unsupported and is contrary to higher Georgia authority.  *See, e.g.*, *Coleman*, 284 Ga. at 626 (describing "statutory employment" liability in terms of *negligence*, rather than strict liability).

6

from the case and thereafter Wheaton will argue that an exception to the doctrine applies and Shaw, not Wheaton is the proper defendant.  (*See* Response, Doc. 45-2.)

This argument must fail.  The Court does not need to determine whether the exception pointed out could apply to these particular facts, because the binding admissions in Blevins, Shaw, Wheaton, and Protective's joint answer preclude its application.  Defendant Wheaton has admitted that it is Blevins's statutory employer (Answer, Doc. 2 ¶ 24.) Therefore it is "solely responsible" for the negligence, if any, of Blevins.  *See* 49 C.F.R. § 376.12(c)(1).  This judicial admission is binding on Wheaton and is dispositive as to Shaw's liability towards Plaintiff.[3]

### ii.  Conflict of Interest

In the process of raising the spectre of Defendants' potential collusive evasion of liability by Defendants Shaw and Wheaton, Plaintiff argues that defense counsel have an impermissible conflict of interest based on their concurrent representation of Shaw, Wheaton, and Protective.  (*See* Response, Doc. 45-2 at 5.)  But Plaintiff's argument goes no further that.  Plaintiff cites no authority and engages in no further discussion apart from his contention that the machinations of Defendants *may* result in an "impermissible conflict for the two

---

[3] *See* section II.a.iii, *infra*, for a discussion judicial admissions.

attorneys in the same firm who represent the diametrically opposed interests of the Defendants . . . ." (*Id.*)

"Attorneys practicing before the Northern District of Georgia are bound by the Rules and Regulations of the State Bar of Georgia, together with judicial decisions interpreting these rules and standards." *U.S. ex rel. Friddle v. Taylor, Bean & Whitaker Mortg. Corp.*, No. 1:06-CV-3023-JEC, 2012 WL 1066510, at *7 (N.D. Ga. Mar. 27, 2012) (citing *Herrmann v. Gutterguard, Inc.,* 199 Fed. App'x 745, 752 (11th Cir.2006) (per curiam)). *See also* LR 83.1(C), NDGa.

Because of the serious potential for accusations of conflict by opposing counsel to be used as tactics for delay or disruption, the Court must determine if Plaintiff has standing to raise this issue before it can go any further. *See U.S. ex rel. Friddle,* 2012 WL 1066510, at *8 ("This requirement acts as a check on the filing of disruptive disqualification motions."). "Ordinarily, it is up to the lawyer undertaking the representation to determine whether a conflict exists." *Id.* (citing Ga. Rules of Prof'l Conduct, R. 1.7, Comment [15]). "An opposing party may nonetheless assert a conflict of interest, 'where the conflict is such as clearly to call into question the fair or efficient administration of justice.'" *Id.* (citing Ga. Rules of Prof'l Conduct, R. 1.7, Comment [15]). In addition, "opposing counsel must provide substantiation" for their claim. *Doe v. Fulton-Dekalb Hosp. Auth.*, No. 1:05-CV-2277-TWT, 2006 WL 2990442, at *3 (N.D. Ga. Oct. 19, 2006), *aff'd,*

628 F.3d 1325 (11th Cir. 2010) (citing *Bernocchi v. Forcucci*, 279 Ga. 460, 463, 614 S.E.2d 775, 779 (2005)).

Plaintiff has not met either requirement and therefore lacks standing to raise this issue.  Rather than illustrate an actual and severe conflict, Plaintiff has done no more than speculate as to a potential future conflict of interest.  It is well-established that "theoretical or speculative" conflicts are insufficient for these purposes.  *See In re Odum*, No. 07-72241, 2008 WL 7874259, at *2 (Bankr. N.D. Ga. May 28, 2008) (citing *Lamb v. State*, 267 Ga. 41, 42, 472 S.E.2d 683, 685 (1996)).  *See also, e.g., U.S. ex rel. Friddle*, 2012 WL 1066510, at *9 (noting that "suggestion of a mere *possibility* of a conflict, despite counsel's averment that co-defendants' interests are not adverse, weighs against an inference of standing . . . to raise the issue of joint representation.") (emphasis in original).  As in *U.S. ex rel. Friddle*, Plaintiff speculates only about "a mere *possibility*" of a conflict.  This is insufficient to show that Plaintiff has standing to raise the issue.  Further, Plaintiff and has given the court no authority or hard evidence by which to evaluate his speculation.   Thus, Plaintiff clearly lacks standing for failure to substantiate his claims as to any conflict on the part of opposing counsel.  *See Doe v. Fulton-Dekalb Hosp. Auth.*, *supra*, 2006 WL 2990442, at *3.

### iii.  Shaw's *Respondeat Superior* Admission

Plaintiff argues that regardless of the doctrine of statutory employment, Shaw has admitted its liability for negligence, if any, of Blevins under the doctrine

of *respondeat superior* and may not go back on this judicial admission. (Response, Doc. 45-2 at 3) (citing Answer, Doc. 2 ¶ 24.)  Shaw responds that it was merely describing the relationship among Blevins, Shaw, and Wheaton, and that the use of the word *respectively* in the highlighted paragraph demonstrates this.  (Reply, Doc. 47 at 3-7, n.1.)

"The general rule is that a party is bound by the admissions in his pleadings." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177–78 (11th Cir. 2009) (citing *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir.1983)) (alterations omitted).  "Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id.* (citing *Hill v. Federal Trade Comm'n,* 124 F.2d 104, 106 (5th Cir.1941)).  *See also Lofton v. Kearney*, 157 F. Supp. 2d 1372, 1375 n.3 (S.D. Fla. 2001), *aff'd sub nom. Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804 (11th Cir. 2004) ("admissions in pleading are deemed judicial admission, binding on the party who makes them . . . even if the party offers post-pleading evidence which contradicts the admission") (internal citation omitted).  Unlike issues of fact, conclusions of law are not binding.  *Millette v. DEK Techs., Inc.*, No. 08-60639-CV, 2009 WL 10667760, at *2 (S.D. Fla. Oct. 8, 2009).  On the other hand, applications of law to fact, or quasi-legal admissions are binding.  *Harrison v.*

*Ace Am. Ins. Co.*, No. 2:09-CV-229-WKW, 2010 WL 2757241, at *3 (M.D. Ala. July 8, 2010).

As one court has pointed out, cases in which the harsh rule of judicial admissions has been applied in this circuit share "common threads." *Harrison*, 2010 WL 2757241, at *3. "Typically they concern facts that are within the unique knowledge of the party making an assertion." *Id.* at *3. *See*, *e.g.*, *Cooper*, 575 F.3d at 1178 (location of principal place of business), *Chick-Fil-A,* 652 F. Supp. 2d at 1260 (finding admitted that defendant was "quick service restaurant" under disputed restrictive covenant).  Further,

> [t]he admissions in these cases also have in common that they do not typically concern issues of pure fact, but of the application of fact to law, often . . . for jurisdictional or venue-related purposes, or . . . to establish other quasi-legal conclusions drawn from underlying collections of fact . . . .

*Harrison*, 2010 WL 2757241, at *3. *See also Cooper*, *supra*, at 1178, *Chick-Fil-A*, *supra*, at 1260.

This nuance makes Shaw's contention troubling.  The relevant portion of the joint Answer reads:

> Defendants admit that Defendant Wheaton is an interstate motor carrier, and pursuant to federal and state laws, *Defendant Shaw and Wheaton are responsible for the actions of Defendant Blevins in regard to the collision described in this complaint under the doctrines of respondeat superior and statutory employment, respectively,* but deny the remaining allegations set forth in paragraph 24 of the Plaintiff's Complaint.

11

(Answer, Doc. 2, ¶ 24) (emphasis added). Here, Shaw appears to make precisely the type of admission about which courts in the circuit are strictest: that Shaw is "responsible for the actions of Defendant Blevins in regard to the collision . . . under the doctrine[] of respondeat superior." (*Id.*)[4] In its Motion, however, Shaw argues the opposite: "Shaw is not responsible for Blevins' actions at the time of the incident . . . ." (Shaw's Br. Supp. Mot., Doc. 41-2 at 8.) The paragraph in the joint Answer fits the criteria highlighted in *Harrison*, 2010 WL 2757241, and the Court is hesitant to allow Shaw to escape the consequences of that admission.

However it is Wheaton's admission, not Webster's definition of "respectively," (*See Reply*, Doc. 47 at n.1), that requires that Plaintiff's argument fail. Parties in Wheaton's position are unambiguously required to expressly "assume complete responsibility for the operation of the equipment for the duration of the lease." 49 C.F.R. § 376.12(c)(1). This requirement has been consistently interpreted to mean that where a party is liable under this doctrine, they are fully responsible to members of the public for injuries resulting from the relationship. *Hot Shot Express, Inc. v. Assicurazioni Generali, S.P.A.*, 252 Ga. App. 372, 373–74 (2001) ("Under this regulatory scheme, the motor carrier is fully responsible to the public for the operation of its leased vehicles, regardless

---

[4] Similarly, the admission by Wheaton that it was Blevins statutory employer at the the time of the alleged accident is of this type. Wheaton, however, does not attempt to contradict its admission.

of whether the vehicles are used in the scope of the carrier's business.") (footnote omitted), *Farmer v. Ryder Truck Lines, Inc.*, 245 Ga. 734, 738 (1980).

Therefore, even if the Court were to find the text in the joint answer to be a binding admission by Shaw as to the *respondeat superior* relationship, it would have no functional significance in light of the fact that Wheaton was Blevins' statutory employer pursuant to 49 C.F.R. § 376.12(c)(1).   Both of these admissions cannot have legal effect simultaneously, and Wheaton's admission vitiated the effect that Shaw's might have had in this case.  The Plaintiff is correct to point out Shaw's apparent shift of position, however.  Unfortunately for the Plaintiff, it is not enough to keep Shaw in the case.[5]

### iv.  Plaintiff's Request for Additional Discovery

In his Response to Shaw's Motion for Summary Judgment, Plaintiff argues that while he "cannot prove Shaw was negligent in hiring, training, supervising, or entrusting Blevins . . ." potential new evidence might allow him to do so. (Response, Doc. 45-2 at 5.)  Plaintiff therefore attaches an affidavit of unavailable evidence pursuant to Rule 56(d) and asks the Court for further discovery.  (*Id.*) The Court declines to do so.

Rule 56(d) provides:

---

[5] This issue is distinguishable from the question of responsibility for injuries to drivers or others not considered part of the "public."  *See, e.g.*, *Transamerican Freight Lines, Inc. v. Brada Miller Freight Sys., Inc.*, 423 U.S. 28, 41 (1975) (finding an indemnification clause between lessor and lesee permissible where it did not reduce the motor carrier's liability to the general public).

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Putting aside whether Plaintiff should have filed a separate motion under Rule 56(d),[6] this request fails to meet the requirements for additional discovery. In the Eleventh Circuit, motions under Rule 56(d) will be denied "where the movant 'had ample time and opportunity for discovery, yet failed to diligently pursue his options.'"  *Williams v. Alabama Dep't of Indus. Relations*, 684 F. App'x 888, 896 (11th Cir. 2017) (quoting *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989)).   Here, Plaintiff has had ample time to conduct both "[a]n online public records search," (Affidavit of Unavailable Facts, Doc. 45-2 ¶ 3), and other discovery of relevant information during the extended discovery period already granted by the Court.   Further, Plaintiff has not put forward any "specified reasons" for his failure to obtain these potential facts as he is required to do by the rule.  *See* Fed. R. Civ. P. 56(d).

### b. Wheaton and Blevins' Motion for Partial Summary Judgment

Defendants Blevins and Wheaton jointly move for partial summary judgment. (Doc. 40.)  Specifically, they seek summary judgment on the the issues

---

[6] *See, e.g., Edward Lewis Tobinick, MD v. Novella*, 848 F.3d 935, 949 (11th Cir.), *cert. denied sub nom. Tobinick v. Novella*, 138 S. Ct. 449 (2017) ("A request for a court order must be made by motion.") (quoting Fed. R. Civ. P. 7(b)(1)).  In *Tobinick*, the Court denied a request under Rule 56(d) for further discovery where it was made in the course of responding to a motion for summary judgment and not by separate motion.  *Id.*

of (1) punitive damages; and (2) Plaintiff's claim of negligent hiring, training, supervision, and entrustment against Wheaton.  (Wheaton & Blevins' Br. Supp. Mot. at 40-2 at 1-2.)  Plaintiff failed to respond to this motion.  Given its strong desire to consider cases on the merits, the Court then ordered Plaintiff to indicate "whether Plaintiff in fact opposes Defendant's Motion for Partial Summary Judgment."  (Order, October, 11, 2017, Doc. 49 at 1.)  If Plaintiff in fact opposed the motion, Plaintiff was then directed to file a full response by November 2, 2017.  (*Id.* at 1-2.)  Plaintiff has failed to respond to this Court's order and this motion is therefore clearly unopposed.

Generally, the Court may not base the entry of summary judgment on the mere fact that the motion itself was unopposed, but must instead consider the merits of the motion.  *See Trustees of Central Pension Fund of Int'l Union of Operating Eng'rs and Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039-40 (11th Cir. 2004); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1011 (11th Cir. 2004).  However, by virtue of its non-response to Defendants' Statement of Material Facts (Doc. 40-1), Plaintiff has effectively admitted these facts.  LR 56.1(B)(2)(a), NDGa ("A respondent to a summary judgment motion shall include . . . with the responsive brief: [a] response to the movant's statement of undisputed facts.");  LR 56.1(B)(2)(a)(2) (noting that a failure to respond to the statement of

undisputed facts results in the movant's facts being deemed as admitted). Accordingly, the Court now turns to the merits of Defendants' contentions.

### i. Negligent Hiring, Supervising, Training, and Entrustment

Wheaton argues that because it admitted to vicarious liability for the negligence, if any, of Blevins as his statutory employer, it is entitled to summary judgment on Plaintiff's claims of negligent hiring, training, supervising, and entrustment.  (Wheaton & Blevins' Br. Supp. Mot. at 15-16.)  "Generally, when an employer admits the applicability of *respondeat superior*, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention." *Corbett v. Celadon Trucking Servs.*, No. 1:14-CV-1233-TWT, 2016 U.S. Dist. LEXIS 15468, at *7 (N.D. Ga. Feb. 8, 2016) (quoting *Durben v. Am. Materials, Inc.*, 232 Ga. App. 750, 751 (1998)).

> The rationale for this is that, since the employer would be liable for the employee's negligence under *respondeat superior*, allowing claims for negligent entrustment, hiring, and retention would not entitle the plaintiff to a greater recovery, but would merely serve to prejudice the employer.

*Durben*, 232 Ga. App. at 751 (1998) (collecting cases).[7]  "However, a plaintiff can maintain a negligent hiring claim if he has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining

---

[7] The Court agrees with Defendant Wheaton regarding the similarity with which courts analyze liability under the doctrines of *respondeat superior* and statutory employment under the FMCSR. (*See* Doc. 40-2 at 2 n.1.)  Further, this conclusion appears to be mandated by the rationale for this rule as given in *Durben, supra.*

the employee or entrusting a vehicle to such employee." *Downer v. Jeffrey Boyer, LP*, No. 1:15-CV-3734-TWT, 2017 WL 1093167, at *2 (N.D. Ga. Mar. 23, 2017) (internal quotations omitted). As in *Downer*, "the pertinent question for the Court to address is whether [Plaintiff] has a valid basis for punitive damages on [his negligent hiring, training, supervising, and entrustment] claims." *Id.*

"Punitive damages are only awarded in truly egregious cases of misconduct." *Id.* They are only available when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). In his Complaint, Plaintiff does not specify against which Defendant the punitive damages are sought. (Compl., Doc. 1-1 ¶ 41.) However this matters little, since Plaintiff has provided *no* evidence, much less "clear and convincing" evidence that any of the Defendants' behavior is of the type contemplated by O.C.G.A. § 51-12-5.1.

In cases involving automobile collisions, "punitive damages may not be awarded 'where the driver at fault simply violated a rule of the road.'" *Corbett*, 2016 U.S. Dist. LEXIS 15468 at *3-4 (quoting *Carter v. Spells*, 229 Ga. App. 441, 442 (1997)). "Negligence, even gross negligence, is inadequate to support a punitive damage award." *Id.* (quoting *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (1988)).

As mentioned above, Plaintiff twice failed to respond to Wheaton and Blevins' Motion for Summary Judgment.  Plaintiff provided virtually no facts disputing the evidence put forward by any of Defendants,[8] and responded to Shaw's argument against punitive damages only by speculating as to the import of potential unavailable evidence, (Response, Doc. 45-2 at 6).  "Although all reasonable inferences arising from the evidence must be resolved in favor of the non-movant on a motion for summary judgment, inferences based on speculation are not reasonable." *Corbett*, 2016 U.S. Dist. LEXIS 15468, at *6-7 (quoting *Sims v. Nguyen*, 403 Fed. Appx. 410, 412 (11th Cir. 2010)).

Nonetheless, the Court has examined the evidence in the record and it finds nothing to suggest that the hiring, training, supervision, or entrustment of Blevins by Wheaton rises to a level warranting punitive damages.  According to the undisputed facts in the record, Wheaton conducted numerous background

---

[8] Plaintiff disputed two facts in Shaw's motion. (Doc. 45-1 at 1-2.)  The first pertains to the admission by Shaw addressed above, and the second reads in full:

> Defendant Wheaton claims it is an undisputed fact that they adequately qualified Defendant Wheaton as an agency driver but this statement as explained below is disputed because plaintiff alleges based on the gross negligent driving attributable to Defendant Blevins in this case, the qualification standards used by his employers were insufficient. The statement made by defendant is not an undisputed fact but instead a legal conclusion relating to factual issues which are to be resolved by the jury and thus should not be considered by the court pursuant to local rule 56(b)(1)(c).

(Doc. 45-1 at 2.)

checks prior to hiring Blevins.  (*See* Wheaton's SMF ¶¶ 14-24)[9]  These statements of material fact are supported by extensive record evidence.  (*See* generally Doc. 40-4 at 10-53.)   Wheaton checked into Blevins' criminal, driving, and work histories as well as his health. (*Id.*)   Wheaton trained Blevins, (*Id.* at 35.), and Blevins submitted multiple "Vehicle Inspection Reports" which noted the condition and repairs of the truck he was driving, (*See*, *e.g.*, Doc. 40-3 at 39.) Blevins submitted annual reports of traffic violations received, if any, during a given time period.  (*See*, e.g., Doc. 40-4. at 47.)  Apart from a couple of traffic violations (*See*, *e.g.*, Doc. 40-4 at 51.), the Court can find nothing in the voluminous information provided by Wheaton that would suggest that Wheaton or Blevins acted with "willful misconduct," "conscious indifference," or any of the descriptors of the egregiousness required under O.C.G.A. § 51-12-5.1(b).  No red flags appear in the record.  Nor does Plaintiff provide any conflicting evidence to contradict or undermine Defendants' record evidence.  In short, the Court finds nothing in the record to support Plaintiff's claims for punitive damages against either Wheaton or Blevins.

Because Plaintiff's claims for punitive damages are wholly unsupported, Wheaton is entitled to summary judgment on Plaintiff's claims of negligent

---

[9] The Court notes that Plaintiff, while in response to Shaw's Statement of Material Facts, objected to the contention that Defendants' "adequately qualified" Blevins as an agency driver. (*See* Plaintiff's Statement of Material Facts, Doc. 45-1 at 1-2.)  The Court gives no credit to Defendants' Statement of Material Fact 25 that it "adequately qualified Blevins to drive as an agency driver under Wheaton's Authority."  (*See* Wheaton's SMF, Doc. 40-1 ¶ 25.)  Plaintiff does not otherwise dispute the statements of material fact regarding the background checks.

hiring, training, supervising, and entrusting Blevins as a matter of law.  *Durben,* 232 Ga. App. at 751. Wheaton's Motion is **GRANTED** for the the claims of negligent hiring, training, supervision, and entrustment.

### ii.  Punitive Damages

For the reasons just stated, Plaintiff's claims for punitive damages fails as a matter of law. Wheaton and Blevins' motions for summary judgment as to punitive damages is therefore **GRANTED**.

### c.  Protective's Motion for Summary Judgment

Finally, Defendant Protective Insurance Company also moves for summary judgment "on the grounds that Protective issued an excess indemnity contract to [Wheaton] and is therefore not subject to Plaintiff's direct action claims based on O.C.G.A. § 40-2-140, as a matter of law."  (Protective's Br. Supp. Mot., Doc. 39-2 at 1.)  In a one-sentence response, Plaintiff "does not object to this motion based on the current status of Appellate Law in Georgia."  (Response, Doc. 46 at 1.) Protective's Motion for Summary Judgment is therefore **GRANTED** as **UNOPPOSED**.

## IV.  Conclusion

For the reasons just articulated, the Court **GRANTS** Shaw's Motion for Summary Judgment [Doc. 41].  The Court **GRANTS** Protective's Motion for Summary Judgment [Doc. 39] as Unopposed.  Finally, the Court **GRANTS**

Defendants Wheaton and Blevins' joint Motion for Partial Summary Judgment in total.

The Parties are **DIRECTED** to engage in private mediation.  Counsel are **ADVISED** to notify the Deputy Clerk of the mediator selected within seven (7) work days of this Order.  The mediation shall conclude **NO LATER THAN** forty (40) days of this Order.

The case shall be **ADMINISTRATIVELY CLOSED** during the pendency of the mediation.  In the event that the mediation is unsuccessful, the Parties are **DIRECTED** to move to reopen the case within five (5) days of the conclusion of mediation.  In addition, if this case is not settled in mediation, the parties are **DIRECTED** to submit their proposed pretrial order within twenty (20) days of the conclusion of the mediation.

**IT IS SO ORDERED** this 12th day of January, 2018.

Amy Totenberg
United States District Judge